

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Bruce R. Hegyi*
*Assistant United States Attorney*

*Criminal Division*
*Federal Major Crimes Section*

*555 Fourth St. N.W.*
*Room 4848*
*Washington, D.C. 20530*
*(202) 305-9637*
*(202) 353-9414 (fax)*

February 14, 2007

**FILED**

FEB 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BY FAX and FIRST CLASS MAIL
Thomas Abbenante, Esquire
1919 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006

Re:     Criminal No. 06-102 (JDB), *United States v. Winston Gittens, et al.*, United
        States District Court for the District of Columbia

Dear Mr. Abbenante:

This letter sets forth the plea agreement ("Agreement") this Office is willing to enter into
with your client, **Winston Gittens** ("Mr. Gittens"). *This offer expires on February 27, 2007.* If
Mr. Gittens accepts the terms and conditions of this offer, please have him execute this document
in the space provided below and return it to me. Upon our receipt of the executed document, this
letter will become the Agreement. The terms of the Agreement are as follows:

1. **Charges.** Your client agrees to admit guilt and enter pleas of guilty to both Count
One and Count Two of the superseding Indictment, returned on September 20, 2006, involving
violations of 18 U.S.C. § 1203(a) – Conspiracy to Commit Hostage Taking Resulting in Death
(Count One) and Hostage Taking Resulting in Death (Count Two.)  Moreover, Mr. Gittens
hereby admits the truthfulness of each of the facts set forth in the attached Factual Proffer, which
he will reaffirm at the time of his guilty pleas in this case.

2. **Potential penalties, assessments, and restitution.** Your client understands that
pursuant to 18 U.S.C. § 1203(a), the charges carry a penalty of life imprisonment or death. Your
client understands, with the approval of the Attorney General of the United States, the
Government will not seek the death penalty against him in this case. Your client understands that
upon conviction for violations of 18 U.S.C. § 1203, he may, subject to the provisions of
Paragraph 7 of this Agreement, be sentenced to imprisonment for the remainder of his life.
Additionally, your client understands he could be ordered, under 18 U.S.C. § 3571(3), to pay a
maximum fine of $250,000 for each of the two counts. Further, he is subject to a maximum
period of supervised release of not more than five years for each of the two Counts. *See* 18

U.S.C. § 3583(b)(1). In addition, your client agrees to pay a special assessment of $200 ($100 per Count) to the Clerk of the United States District Court. *See* 18 U.S.C. § 3013(a)(2)(A). Your client understands that, pursuant to Section 5E1.2 of the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines"), the Court may impose a fine sufficient to pay the federal government the costs of any imprisonment. Your client further understands that the sentence in this case will be determined by the Court, in accordance with 18 U.S.C. § 1203, guided by the factors listed in 18 U.S.C. § 3553(a), and after considering the United States Sentencing Guidelines. *See* 18 U.S.C. § 3553(b). In this regard, your client understands that the United States Sentencing Guidelines are advisory to the Court in determining the appropriate sentence.

3. **Release/Detention pending sentencing**. Your client agrees not to object to the government's recommendation to the Court that, pursuant to 18 U.S.C. § 3143, your client be detained pending your client's sentencing in this case.

4. **Waiver of constitutional and statutory rights.** Mr. Gittens understands that by pleading guilty in this case, he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to maintain a plea of not guilty; and the right to a jury trial. At a jury trial, Mr. Gittens would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear to testify and present other evidence on his behalf, and to choose whether or not to testify. If your client chose not to testify at a jury trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. Mr. Gittens would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client were found guilty after a trial, he would have the right to appeal the conviction.

Mr. Gittens understands that the Fifth Amendment of the Constitution of the United States protects him from being compelled to incriminate himself and/or make self-incriminating statements in a criminal prosecution. By entering this Agreement and by agreeing to plead guilty, your client knowingly and voluntarily waives and gives up this right against self-incrimination.

Your client also understands that as part of the entry of his guilty plea, he specifically waives any rights to a speedy trial and/or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. Your client acknowledges that sentencing in this case may, with the approval of the Court, be delayed until any cooperation your client may be providing to the government has been completed, as determined by the government, so that the Court will have the benefit of all relevant information.

Your client further agrees to waive all rights, claims, and interest, in any witness or other fee or expense for which your client may be eligible pursuant to 28 U.S.C. § 1821, or otherwise, in connection with appearance before any grand jury, at any witness conference(s), and/or at any court proceeding(s), during the period of your client's cooperation.

5. **Sentencing.** The parties to this Agreement agree that, pursuant to 18 U.S.C. § 1203(a), the crime of hostage taking, "if the death of any person results, [the defendants] shall be punished by death or life imprisonment." However, to the extent the Sentencing Guidelines might be considered, the parties agree that the Guideline applicable to the offenses for which your client is pleading guilty is USSG § 2A4.1. In this regard, the parties agree that Conspiracy to commit hostage taking (Count One of the superseding Indictment) has a Base Offense Level of 43.[1] In accordance with USSG § 3A1.1(a), a victim-related adjustment of an additional 2 levels is appropriate because, during the course of this continuing offense, your client knew or should have known that the victim was a "vulnerable victim," and was unusually vulnerable due to his physical condition, resulting in an Adjusted Offense Level of 45. A reduction of three points for Acceptance of Responsibility is appropriate in this case, *see* USSG § 3E1.1(a), (b), resulting in a Total Offense Level of 42.

Except to the extent the conditions of Paragraph 7 (Departure Committee), below, may become applicable, Mr. Gittens agrees not to seek any departures or downward adjustments from the Sentencing Guidelines calculation set forth in this Agreement. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by proffered facts and the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

Mr. Gittens fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the United States Sentencing Guidelines but which is not bound by the Sentencing Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the Guideline range in accordance with the above calculations will not void this Agreement or serve as a basis for the withdrawal of your client's guilty plea entered pursuant to this Agreement. Your client understands and agrees that he will not be allowed to withdraw the guilty plea entered pursuant to this Agreement because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Agreement.

Finally, Mr. Gittens is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Your client is aware that the parties' calculation of the sentencing ranges under the U.S. Sentencing Guidelines is not a promise of the sentences to be

---

[1] The Base Offense Level is derived by initially referring to the Base Offense Level for the Guideline of the substantive offense of "Kidnapping, Abduction, Unlawful Restraint" (USSG § 2A4.1). In turn, USSG §§ 2A4.1(b)(7)(A) and 2A4.1(c)(1) direct that Sentencing Guideline 2A1.1 (First Degree Murder) shall be applied when death results from a kidnapping under circumstances that would qualify as murder in the first degree (*see* 18 U.S.C. § 1111(a)), as here. The Base Offense Level for 2A1.1 (First Degree Murder) is 43. The same Base Offense Level (43) applies to the substantive charge of hostage taking resulting in death (Count Two of the superseding Indictment).

imposed on him and are not binding on the Court. Your client reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

6. **Cooperation with the United States.** Mr. Gittens agrees to cooperate completely, candidly, and truthfully with all investigators and attorneys of the United States. Specifically, your client agrees:

    a.    to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation and/ or any other matters of which he has knowledge that is/are deemed relevant by the United States;

    b.    to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

    c.    to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d.    to submit to, and participate in, and to candidly answer all questions during, one or more government-administered polygraph examinations, if requested of him by the government;

    e.    not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    f.    not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

    g.    to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

    h.    to testify fully and truthfully before any Grand Jury in the District of Columbia, or elsewhere, and at all trials of cases, and in any other court proceedings in the District of Columbia, or elsewhere, at which your client's testimony may be deemed relevant by the United States; and

    i.    to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

7. **Substantial assistance**. Following the completion of your client's cooperation, we will inform the Departure Committee of the United States Attorney's Office for the District of Columbia (the "Departure Committee") of the nature and extent of your client's cooperation, or lack thereof. If the Departure Committee, after evaluating the full nature and extent of your client's cooperation, or lack thereof, determines that your client has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then the United States will file a motion pursuant to 18 U.S.C. § 3553(e), and/or USSG § 5K1.1, to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than provided by any applicable mandatory minimum statutory sentence provision, or by the Sentencing Guidelines. Your client understands that the determination of whether your client has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia and is not subject to review by any Court. Nor shall the failure of this Office to file a "substantial assistance" departure motion be grounds for your client to move to withdraw the pleas of guilty in this case, nor to seek any other relief.

Your client understands further that ultimately the sentence to be imposed is a matter within the sole discretion of the Court, and the Court is not obligated to grant a downward departure based on your client's substantial assistance to the United States, notwithstanding the filing by the United States of any motion for departure from either the statutory minimum sentence or the applicable Guideline range. Your client also understands that neither the United States District Court for the District of Columbia nor any of its judges are party to this Agreement.

8. **Government Concessions**. In exchange for Mr. Gittens's guilty pleas and cooperation, herein, the government agrees not to seek the death penalty against Mr. Gittens, and not to oppose a 3-level adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), (b).

9. **Reservation of allocution.** Mr. Gittens understands that the United States reserves its full right of allocution for purposes of sentencing in this matter, consistent with this Agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Mr. Gittens also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, if in this Agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

The government and your client agree, in accordance with USSG § 1B1.8, that the government will be free to use against your client for any purpose at the sentencing of this case any self-incriminating information provided by your client pursuant to this Agreement or during the course of any debriefing conducted in anticipation of this Agreement, regardless of whether or not those debriefings were previously covered by an "off the record" agreement by the parties.

10. **Breach of agreement.**   Your client understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this Agreement, or commits any further crimes, he will have breached this Agreement.  In the event of such a breach, (a) the United States will be free from it obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including, but not limited to perjury and obstruction of justice, if applicable; and (d) the United States will be free to use against Mr. Gittens, directly and indirectly, in any criminal or civil proceeding all statements made by him and any of the information or materials provided by him, including such statements, information and materials provided pursuant to this Agreement or during the courts of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. Pro. 11.

Mr. Gittens acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, Mr. Gittens understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this Agreement will be admissible against your client for any purpose in any criminal or civil proceeding if he breaches this Agreement or his guilty plea is subsequently withdrawn. Moreover, in the event Mr. Gittens's guilty plea is withdrawn, he agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Mr. Gittens understands and agrees that the United States shall only be required to prove a breach of this Agreement by a preponderance of the evidence.  Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit Mr. Gittens to commit perjury, to make any false statements or declarations, to obstruct justice, or to protect him from prosecution for any crimes not included within this Agreement or committed by him after the execution of this Agreement. Mr. Gittens understands and agrees that the United States reserves the right to prosecute him for any such offenses. Mr. Gittens further understands that any perjury, false

statements or declarations, or obstruction of justice relating to his obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, Mr. Gittens will not be allowed to withdraw this guilty plea.

11. **Prosecution by other agencies/jurisdictions.** This Agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Department of Homeland Security, Bureau of Immigration and Customs Enforcement; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Similarly, this Agreement does not bind any foreign government.

Your client is not a citizen of the United States, and your client understands and acknowledges that the guilty pleas in this case will or might subject your client to detention, deportation, and/or other sanctions at the direction of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, or otherwise.

12. **No other agreements.** Mr. Gittens represents, warrants and agrees that no prior and/or contemporaneous agreements, promises, understandings, and/or representations have been made by the parties other than those contained in this written Agreement. Mr. Gittens further represents, warrants, and agrees that no future agreements, promises, understandings, and/or representations by and/or between the parties will be valid and/or enforceable unless they (a) are committed to writing and signed by (i) your client, (ii) your client's counsel, and (iii) an Assistant United States Attorney for the District of Columbia, or (b) are made by the parties on the record before the Court.

If Mr. Gittens agrees to the conditions set forth in this letter, both he and you should sign the original in the spaces provided below, initial every page of this Agreement, and return the executed Agreement to me. The original of this Agreement will be filed with the Court.

Sincerely,

JEFFREY A. TAYLOR (D.C. Bar # 498610)
United States Attorney

7

BRUCE R. HEGYI (D.C. Bar #422741)
JEANNE M. HAUCH (D.C. Bar #426585)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 305-9637 (Hegyi)
(202) 514-5776 (Hauch)

Attachment (Factual Proffer)

## DEFENDANT'S ACCEPTANCE OF GUILTY PLEA AGREEMENT

I have read each of the pages constituting this plea agreement ("Agreement") and I have reviewed them with my attorney, Thomas Abbenante, Esq. I fully understand this Agreement and agree to it. I do this voluntarily and of my own free will. No threats have been made against me to make me enter into this Agreement. I am not under the influence of any medication, drug, alcohol, or anything else that could prevent or impede me from understanding fully this Agreement.

Absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am fully satisfied with the legal services provided by my attorney in connection with this Agreement and all matters relating to it. I am entering this Agreement because I am guilty of the crimes to which I am pleading guilty.

Feb. 27, 2007
_____
Date

Winston Gittens
_____
WINSTON GITTENS
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement ("Agreement"), reviewed it with my client, and discussed fully the provisions of the agreement with him. These pages accurately and completely set for the entire Agreement. To my knowledge, my client's decision to plead guilty has been made knowingly and voluntarily.

Feb 27, 2007
_____
Date

Thomas Abb
_____
THOMAS ABBENANTE, Esquire
Counsel for Defendant